**In the Matter of the Application for the DISCIPLINE OF Charles S. ZIMMERMAN, an Attorney at Law of the State of Minnesota.**

**No. CO–86–108.**

Supreme Court of Minnesota.

Jan. 31, 1986.

ORDER

Respondent Charles S. Zimmerman, an attorney at law duly admitted to practice in

the State of Minnesota, was charged by the office of the Director of Lawyers Professional Responsibility with certain misconduct deserving of discipline. The respondent, represented by counsel, entered into a stipulation with the Director of Lawyers Professional Responsibility in which the respondent admitted certain items of the alleged misconduct, waived his right to proceed before a panel under Rules 9 and 10(a) of Rules on Lawyers Professional Responsibility (RLPR) and consented to the immediate filing of a petition for disciplinary action with this court. Respondent further waived rights afforded him under Rule 14, RLPR, including the right to a hearing before a referee on the petition; the right to have the referee make findings and conclusions and a recommended disposition; the right to contest the findings and conclusions; and the right to a hearing before this court upon the record, briefs and arguments. He likewise admitted service of the petition. In the stipulation, the respondent admits that he prepared a false expense memo, which resulted in the client being charged for certain personal travel expenses. He likewise admits that he prepared a false memorandum, which he promptly later corrected, in an attempt to provide a business purpose for a trip he knew was a personal trip. In addition, respondent incurred certain other personal travel expenses and telephone charges but neglected to see that only those expenses and charges which were business-related were attributed to the client, and the allocation of personal expenses to himself. As a result of the client being charged for certain travel expenses, telephone charges and other charges, personal in nature, the client sustained losses in an amount less than $1,600. The client was reimbursed, either by respondent or by his former law firm, for these expenses. The court, having considered the petition filed herein, together with a partial transcript of proceedings before a panel of the Lawyers Professional Responsibility Board, and the stipulation hereinbefore referred to,

NOW ORDERS:

1. Respondent is hereby publicly reprimanded.

2. Respondent has waived his right to a panel hearing prior to the filing of a petition for disciplinary action on any further complaints for a period of two years from the date of this court's order, except for any complaints which may be filed against respondent by members of his former law firm or their counsel, or arose from the so-called "Med General" matters.

3. Respondent shall submit his trust account to the Director for review upon request at any time for a period of two years from the date of this order.

4. Respondent shall take and pass the professional responsibility exam portion of the Minnesota state bar examination or, in lieu thereof, successfully complete a course on professional responsibility at an accredited law school prior to December 31, 1986.

5. Respondent shall pay to the Lawyers Professional Responsibility Board $500 in costs pursuant to Rule 24(a), RLPR, said payment to be made within 60 days from the date of this order.